IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA, | : | |
| Petitioner, | : | |
| | : | 0 6 - 2 9 5 |
| vs. | : | Civil No._____ |
| | : | |
| COLM F. CONNOLLY | : | |
| Respondent. | : | |
| | : | |

FILED
MAY 0 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION FOR HABEAS CORPUS RELIEF

NOW COMES, the Petitioner appears, in Pro Se in the above-captioned matter pursuant to Title 28 U.S.C. Section 2241 and 1331, for a release from custody under which he is been held by color of the authority of the respondent is a member of and/or a United States Attorney, for the District of Delaware. In support thereof, the Petitioner states as follows:

(a) The Petitioner asserts that facts issue existed as to whether officers and Agents ICE in this case, had fabricated probable cause to arrest; and

(b) The petitioner asserts that facts issues existed as to whether officers and Agents ICE had failed to conduct resonable investigation; and

(c) The petitioner asserts facts question existed as to whether his continuing subject to incarceration constitute unreasonable and unconstitutional seizure for fourth Amendment purpose.

(e) The petitioner assert that he his unable to obtain comparable evidence by other reasonably available means and that the Agents acted in bad faith rather than merely held back the evidence that contained information to demonstrate equated setting to inform clearly under this destroyed evidence that he seeks to enter the United States to sought a declaration and finding by court that he was a citizen by birth.

(f) The petitioner asserts facts existed based on the sequence of events described in the actual criminal prosecution, that there is a reasonable basis for believing that the government engaged in prejudicial pre-accusation delay, if proven, constitute prejudicial pre-accusation delay in violation of the due process clause of the Fifth Amendment.

(g) The petitioner asserts that this case is not only about the constitutionality of determining the legality of his detention, also about how his sentencing if any, can be implemented in a way that respects the Sixth Amendment. Because the facts proposed in the Petitioners pre-sentencing Report purported to inflict the petitioner with perjury or obstruction of justice, were neither admitted by the petitioner since enumerated grounds for admitting the testimony were rejected without any cross-examination to those facts nor found by the jury based on a determination beyond a reasonable doubt that can properly permit all facts legally essential to his sentence.

(h) The petitioner asserts that the Indictment should have alleged conducts which should have come in the initial indictment or superseding indictment, since the government believes those facts may be readily provable Guideline upward adjustment or upward departure facts, nonetheless, the argue-ment in light of the unpredictable future

2.

path of court rulings, it is not persuading to allow government to save this rebuttal based on excusable grounds or goodfaith, it must be noted that it is prudent for the government to protect against the possibility that such allegations in indictments will be held necessary, whereas, the petitioner asserts it is prejudicial towards him and was done to increase his offense level under U.S.S.G. SEction 3C1.1. Thus, unreasonable, based on his truthful statement that he was born in the State of Florida, it was true that his Biological Parents Mother Dorcas C. Brown and Moses Hime Awala, and him including direct eyewitness who shall be again into the United States as this Big Case turns a National Coverage in the United States of America. See also James Comey (Deputy Attorney General)(July 2, 2004)(Departmental Legal Positions and Policies in light of Blakely v. Washington).

Based upon the sequence of events described in this motion, petitioner asserts that there is a reasonable basis for believing that the government engaged in absence of probable cause for original criminal proceeding; and there was malice on part of the government and petitioner suffered damages as a result of the original proceeding. Therefore, petitioner requests an evidentiary hearing, at which will be called the respondent to prove the petitioner wrong as proving every essential element of the offense under 8 U.S.C. Sec. 1326, beyond a reasonable doubt without any requirement that the petitioner lift one finger. See Taylor v. Kentucky, 436 US 478(1978) and also that the petitioner be called to meet his burden of proving intentional delay and prejudice to the petitioners criminal proceedings, from January 1, 2004. See U.S. v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987); and U.S. Lovasco, 431 U.S. 783(1977).

WHEREFORE, for the reasons stated in the foregoing law, as well as for any that may become apparent at a hearing on this matter, the

3.

petitioner Gbeke Michael awala, respectfully requests that the Court grant the instant motion and issue an order releasing him from custody.

Dated. 4/26, 2006.

Respectfully submitted,

Gbeke Michael Awala
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

cc: Mr. Colm F. Connolly

4.

## CERTIFICATE OF SERVICE

I, Gbeke Michael Awala, Hereby certify that I have served a true and correct copy of the Petitioners Motion under Title 28 U.S.C. Section 2241, with a small Memorandum of law in Support thereof, upon Colm F. Connolly, United States Attorney, by first class mail to his office, at Nemours Building, 1007 N. Orange Street, Suite 700, P.O. Box 2046, Wilmington, Delaware, 19899-2046, on the date indicated below:

Dated. 4/26, 2006.

Respectfully submitted,

Gbeke Michael Awala Pro Se
No. 82074-054
Federal detention Center
P.O. Box 562
Philadelphia, PA 19105

1-1



GBEKE MICHAEL AWALA
No. 82074-054
P.O. Box 562
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

Office of the Clerk
Peter T. Dalleo
United States District Court
for the District of Delaware
Lockbox 18
844 King Street
U.S. Courthouse
Wilmington, DE 19801

U.S.M.S
X-RAY

legal Mail