IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 06–295-KAJ |
| ) | |
| COLM F. CONNELLY, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

At Wilmington this 12th day of May, 2006;

IT IS ORDERED that:

Petitioner Gbeke Michael Awala's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice. (D.I. 1)

On January 18, 2006, a federal jury convicted Awala of illegal reentry into the United States after deportation without the Attorney General's permission in violation of 8 U.S.C. 1326. See *U.S.A. v. Awala*, Cr. A. No. 04-90-KAJ, at D.I. 175 and D.I.187. On May 4, 2006, prior to sentencing,[1] Awala filed a § 2241 petition requesting release from custody and raising the following claims: (1) officers had insufficient probable cause to arrest him; (2) officers did not conduct a reasonable investigation; (3) his continuing incarceration constitutes an unreasonable search and seizure under the Fourth Amendment; (4) officers acted in bad faith; (5) the Government engaged in prejudicial pre-accusation delay in violation of the due process clause of the Fifth

---

[1] Awala was sentenced on May 11, 2006 to 51 months of imprisonment and 36 months of supervised release. See generally Docket for *U.S.A. v. Awala*, Cr. A. No. 04-90-KAJ.

Amendment; (6) his Sixth Amendment rights have been violated; and (7) the indictment contained factual errors. (D.I. 1) These six claims challenge Awala's underlying conviction. It is well-settled that claims challenging the validity of a federal conviction or sentence must be raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and claims challenging the execution of a federal sentence must be raised in a petition filed pursuant to 28 U.S.C. § 2241.[2] *Coady v. Vaughn*, 251 F.3d 480, 484 - 86 (3d Cir. 2001). Thus, Awala has improperly filed his claims pursuant to 28 U.S.C. § 2241, and I dismiss the petition without prejudice to refile a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 after his conviction becomes final.[3]

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[2] A § 2241 petition must be filed in the federal district court with jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495 (1973); see *United States v. Jack,* 774 F.2d 605, 607 n.1 (3d Cir. 1985); *Dupee v. United States,* 2002 WL 31831388, at *1 (E.D. Pa. Dec. 11, 2002). Awala is not incarcerated in the state of Delaware, therefore, to the extent he has raised § 2241 claims, I dismiss the claims without prejudice for lack of jurisdiction.

[3] A conviction becomes final for the purposes of § 2255 on one of several possible dates: (1) if the petitioner appeals, his conviction becomes final upon the Supreme Court's decision regarding certiorari review or upon the expiration of the time for seeking certiorari review; or (2) if the petitioner does not appeal, his conviction becomes final upon the expiration of the time for seeking appellate review. See generally *Kapral v. U.S.,* 166 F.3d 565 (3d Cir. 1999).