IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,                  :

     Petitioner,                     :

                        :   Civ. A. No. 06-295-KAJ

  v.                                  :

COLM F. CONNELLY,                     :

     Respondent.                     :

                        :

**FILED**

MAY 2 2 2006

U.S. DISTRICT COURT
DISTRICT

PO scanned

## MOTION FOR RECONSIDERATION

AND NOW COMES the Petitioner, Gbeke Michael Awala, appearing in Pro Se in the above captioned matter, respectfully requests that the Court reconsiders the denying without prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Section 2241, on the basis to correct manifest errors of law or fact or to present newly discovered evidence and prevent manifest injustice. As grounds, it is stated.

### (I)   Procedural and Factual History

Petitioner Gbeke Michael Awala was indicted On or October 26, 2004, the Grand Jury for the district of Delaware returned a one-count Superseding Indictment, charging the Petitioner with re-entry after deportation, following a conviction for an aggravated felony, in violation of 8 U.S.C. Section 1326(a) and (b)(2)..

On January 18, 2006, a Federal Jury convicted Petitioner of illegal reentry into the United States after depaortation without the Attorney General's permission in violation of 8 U.S.C. 1326.

On May 4, 2006, the Petitioner filed Section 2241 petition
requesting release from custody and raising the following claims:
(1) officers had insufficient probable cause to arrest him; (2) officers
did not conduct a reasonable investigation; (3) his continuing incarcera-
tion constitute an unreasonable search and seizure under the Fourth Amen-
dment; (4) Officers acted in bad faith; (5) the Government engaged in
prejudicial pre-accusation delay in violation of the due process clause
of the Fifth Amendment; (6) Sixth Amendment rights have been violated;
and (7) the Indictment contained factual errors.

On May 11, 2006 the Petitioner was sentenced to 51 Months of
imprisonment and 36 Months of supervised release.

On May 12 the Court Dismissed without prejudice ruling that
"it is well-settled that claims challenging the validity of a federal
conviction or sentence must be raised in a motion to vacate, set aside,
or correct sentence pursuant to 28 U.S.C. Section 2255, and Claims cha-
llenging the execution of a federal sentence must be raised in a petition
filed pursuant to 28 U.S. 2241, Awala has improperly filed his claims
pursuant to 28 U.S.C. Section 2241, and and thus, Dismissed to refile a
motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.
Section 2255 after his conviction becomes final. (quoting), Braden
v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973)
and Kapral v. U.S., 166 F.3d 565 (3d Cir. 1999). inter alia cases cited.

The petitioner has filed this Motion to reconsider his peti-
tion for a writ of habeas corpus, upon the courts review this court shou-
ld have known that this petition belongs in the United States District
Court, for the District of Delaware, nothwithstanding the petitioners
custodian (Warden Levi Troy and not in State of Delaware).

2.

The Petitioner has filed this Motion for reconsideration, therefore, should be Granted based on his argument and contentions that on the eve of August 12, 2004, that the Officers had basis of knowledge with respect to his property undertaken by the Border Agents along with the information purpotedly advised on the premises of the officers and the ICE(Immigration and Customs Enforcement Agent), who executed a search and seizure of the physical body of the petitioner, immediately beign advised on the DRBAPD premises, as the officers were told that the Petitioner was legal in the United States, was allowed back in the Country his Father is an American, his Grand Father is American and he was allegedly deported on or around November 13, 1999.  Subsequently, stated his full-name is Gbeke Michael Awala and that he was born on May 17, 1971, in Miami, Florid He is the only child born to the relationship of Dorcas Callendar Brown and Moses Hime Awala. His biological Parents were engaged in and/or at the time of his birth, Moses was married to anothe Woman, Alaj Yside Za- kare, who the Petitioner characterrized as his stepmother.  The Petitioner further informed the Officers and Agents on December 26, 1976, in Chicago Robert Taylor Homes, his father was stickup and shot to death and  his mother was a heroin-addicted and prostitute who was never around and her current wereabout is unknown since 1977.

The Petitioner further asserts that for the first five years of his life, he lived with his mother and maternal grandmother in Carol City, Florida.  At age Five, the Petitioner and his mother relocated to Chicago to be reunited with his father, and while he plays Bingo, Bingo, with his Mother, his father was murdered.  The petitioner advised that his father was a pilot for Nigerian Airways and that he reportedly had been smuggling heroin into the United States.  His biological Mother was a sin- ger with a local Miami music group.  It was after his biological Father

3.

death that prompted his mother into prostitution in the City of New
York inother to sustain her Heroin addictions.

Petitioner at all relevant times advised the Officers and prosecutor
that after his fathers death, he and his mother and his stepmother moved
to New York to live with Madam Alaj Yside Zakare to live in her apartment
in New York(Brooklyn). The Petitioner reported his mother was neglectful,
but never physically abused him.

Petitioner reported that he reentered the United states of America
through the Baltimore Airport on Januray 20044

## (II) Discussion

_____The petitioner Gbeke Michael Awala, raises argument that he his
entitled to a reconsideration, bbecause the affidavit in support of
the warrant contained statements or omissions that were deliberately fals‹
or demonstrated a reckless disregard for the truth; and (2) the challenge‹
statements or omissions were essential to the magistrate judge's finding
of probable cause.  Franks v. Delaware, 438 US 154 (1978), see also
United States v. Calsito, 838 F.2d 711, 714 (3d Cir. 1988).

In the instant case both prongs are met. Officers and Agent Gonzales
knowingly lied to the prosecutor about the Petitioners related legal
claim based on the above-noted  personal and family data, thus, permitting
the Magistrate to issue a warrant based upon on false facts, which were
by definition essential to the finding of probable cause. Since, the
officers and agents lied about material fact the balance of their infor-
mation is polluted.  The Affiant and officers acted recklessly by not
attempting to verify the truth or portion of the statement made by the
Petitioner Gbeke Michael Awala, alleging that he was allowed back in
the Country and had permission based on his claim as an American Citizen,

4.

The Petitioner argues that it is well-settled that his claim challenging the legality or validity of his Federal Conviction is not preempted neither foreclosed on the theory of exahausition of Appellate or other post conviction remedies, in support thereof, the Supreme Court in Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968), reviewed prior "custody" doctrine and reffirmed a generalized flexible approach to the issue. In speaking about 28 U.S.C. Section 2241, the first section in the habeas corpus statutes, the court said:

> "While the language of the Act indicates that a writ of
> habeas corpus is appropriate only when a petitioner is in
> custody"*** the Act "does not attempt to mark the boundaries
> of custody' nor in any way other than by use of that word
> attempt to limit the situations in which the writ can be used."
> ***And, recent Supreme Court decisions have made clear that
> "it habeas corpus is not now and never has been a static, narrow
> formalistic remedy; its scope has grown to achieve its grand pur
> pose--the protection of individuals against erosion of their rig
> ht to be free from wrongful restraint upon their liberty."***
> "Besides physical imprisonment, there are other restraints on a
> mans liberty, restraints not shared by the public generally,
> which have been though sufficient in the English speaking world
> to support the issuance of habeas corpus".

In the instant case the Petitioner is in jail due to the coviction of this court he his deprived or restrained from the full potentials of a United States Citizen not indicted or prosecuted in violation of title 8 U.S.C. Section 1326. Thus, whether the Petitioner is not incarcerated in the State of Delware, to the extent, does not preempt this court from considering the merits of his claim under 2241, and the Petitioner has sought an appellate review described under U.S.A. vs. Awala Case No. 05-2684(Under Rehearing-Unfavored), the Judgment is final for the purpose of section 2241.

The petitioner asserts that a Motion 2255, filed to vacate,

6.

issues of guilt or innocence are raised which were fully litigated
in trial court and on appeal, district court may properly refuse to
inquire into such claims. Jones v. United States, (1966)
364 F.2d 502.

WHEREFORE, the Court is respectfully urged based upon the sequence
of events described in this Motion, icluding the purpose for a motion
to reconsider to correct manifest errors of law or facts or to prevent
manifest injustice. See Max's Seafood Cafe v. Quinteros, 176 F.3d
669(3d Cir. 1999). Accordingly, the petitioner request an evidentiary
hearing, at which a full brief will be called upon including the pet-
tioners contentions of proving intentional delay and prejudice to the
Petitioner. See U.S. v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987).
from unfair investigative parctices, the Petition asserts that the
Government engaged in prejudicial pre-accusation delay, based on its
approval to reenter the United States throught the Baltimore Airport
and thereafter, procure a charge and subsequently convicted the Pet-
itioner--violates fundermental conceptions of justice and is inconsis-
tent with the community sense of fair play and decency. The Court
should reconsider this petition and grant such further relief deems
fit and just including the prior relief sought.

Dated. 5/17/, 2006.

Gbeke Michael Awala. Pro Se
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

7.




Gbeke M. Awala Pro Se
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

legal Mail:

Honorable Kent A Jordan
United States District Judge
UNITED States District Court
for the District of Delaware
844 N. King Street, Lockbox 10
Wilmington, DE 19801

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

February 9, 2006
A-62

No. 05-2684

UNITED STATES OF AMERICA
v.
GBEKE MICHAEL AWALA, Appellant
(Dist of DE Criminal No. 04-cr-00090)

**Present:**    SLOVITER, MCKEE, and FISHER, CIRCUIT JUDGES.

1. Motion by Appellant Pro Se for Release Pursuant to F. R. A. P. 9(a)

2. Response by Appellee in Opposition

**Clerk Orders dated 1/17/05 & 2/2/06**

/s/ Chanel R. Graham
Chanel R. Graham   267-299-4955
Case Manager

_____ **O R D E R** _____

**The foregoing motion by Appellant Pro Se for Release Pursuant to F.R.A.P. 9(a) is hereby denied.**

**By the Court,**

**/s/ Theodore A. McKee**
**Circuit Judge**

**Dated: February 23, 2006**
**CRG/cc: Mr. Gbeke M. Awala**
       **Samuel C. Stretton, Esq.**
       **Beth E. Moskow-Schnoll, Esq.**

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

April 28, 2006

Gbeke Michael Awala
No. 82074-054
FDC PO Box 562
Philadelphia, PA 19105

RE: Awala v. United States
USCA3 No. 05-61060

Dear Mr. Awala:

The above-entitled petition for writ of certiorari was received April 28, 2006. The papers are returned for the following reason(s):

Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

It appears your petition for rehearing is still pending in the United States Court of Appeals for the Third Circuit.

Sincerely,
William K. Suter, Clerk
By:

Heather Trant
(202) 479-3039

Enclosures
cc: Paul D. Clement

Paul D. Clement
950 Pennsylvania Avenue, N.W.
Room 5614
Washington, DC 20530-0001