IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civ. A. No. 06–295-KAJ |
| | ) |
| TROY LEVI, Warden, FDC | ) |
| Philadelphia, and ALBERTO | ) |
| GONZALES, Attorney General, | ) |
| | ) |
| Respondents. | ) |

ORDER

At Wilmington this 15th day of June, 2006;

IT IS ORDERED that:

*Pro se* petitioner Gbeke Awala's motion for reconsideration of my order dismissing his § 2241 petition without prejudice is DENIED. (D.I. 4) A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. V. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Although not entirely clear, by arguing that a federal court has jurisdiction to review a § 2241 petition even if the court does not have jurisdiction over the warden with custody over the petitioner, Awala is attempting to demonstrate that I committed a legal error in dismissing his § 2241 petition for lack of jurisdiction. (D.I. 4 at 4, 6) This argument is meritless and based on an erroneous

understanding of the applicable legal principles. Therefore, Awala has failed to present any reason warranting reconsideration of my dismissal order.

_____
UNITED STATES DISTRICT JUDGE